No. 10,856.

McCARTEY, SUPERINTENDENT OF SCHOOLS ET AL. *v.* SCHOOL DISTRICT NO. 9, LA PLATA COUNTY.

Decided April 4, 1924.   Rehearing Denied May 5, 1924.

Mandamus by school district to obtain a reapportionment of school funds. Judgment for the school district.

*Reversed.*

*On Application for Supersedeas.*

1.   SCHOOLS—*Minimum Salaries—Special and Part Time Teachers.* Under the provisions of sections 8446-8453, C. L. '21, concerning salaries of school teachers, teachers of art, music, mechanical

drawing, and domestic science, are teachers of special subjects, and one who teaches but two hours and forty minutes a day, is a part time teacher, all of whom, it is held, were improperly certified to participate in the minimum salary fund.

2. *School Year.* Prior to the passage of section 2, chapter 166, S. L. '23, there was no statutory designation of the length of the school year, and the action of officials, in the case under consideration, in limiting the school year to nine months for the purpose of apportionment of funds, held erroneous.

*Error to the District Court of La Plata County, Hon. W. N. Searcy, Judge.*

Mr. Frank J. Mannix, for plaintiffs in error.

Mr. B. W. Ritter, Mr. A. M. Emigh, for defendant in error.

Mr. Wayne C. Williams, Attorney General, Mr. Joseph P. O'Connell, Assistant, Amici Curiae.

*En banc.*

Mr. Justice Burke delivered the opinion of the court.

This was an action in mandamus by defendant in error against plaintiffs in error to obtain an apportionment of the school funds of the county differing from that already made and being made under the act of 1921 as construed by the state superintendent of public instruction. Judgment was for the school district. The county superintendent brings error and asks that the writ be made a supersedeas.

The question before us is the proper interpretation of the provisions of chapter 214, L. 1921, sections 8446 to 8453, inclusive, C. L. 1921. So far as we are advised this act has not heretofore been before the courts, and little, if any, light is thrown upon it by any authority to which our attention has been directed. Section 8446, C. L. 1921, requires the board of directors of each school district to certify to the county superintendent the "number of teachers employed, or to be employed," during the ensuing year,

the length of time the "school will be kept open" during the year, and the amount of money necessary to pay "each of such teachers" a salary of $75.00 per month during the time the school is to be kept open.   Section 8451, Id., reads as follows:  "The minimum salary that shall be paid to any school teacher in the public schools, except substitute teachers, part time teachers, and teachers of special subjects, shall be seventy-five dollars ($75.00) per month. The minimum salary that shall be paid to any teacher in the public schools, except substitute teachers, part time teachers, and teachers of special subjects, whose educational preparation consists of high school graduation, or its equivalent, as determined by the state board of examiners, and two years of specific training for teaching in a normal school, a teachers' college, or the educational department of a college maintaining a technical course in study for teachers which shall be approved for that purpose by the state board of examiners, shall be one thousand dollars ($1,000.00) per annum, payable in twelve monthly installments; and the minimum salary that shall be paid to any teacher in the public schools, except substitute teachers, part time teachers, and teachers of special subjeces, whose educational preparation consists of high school graduation, or its equivalent, as determined by the state board of examiners, and four years of such specific training, shall be twelve hundred dollars ($1,200.00) per annum, payable in twelve monthly installments.   The aforenamed minimum of one thousand dollars ($1,000.00) per year for teachers who have had two years of specific training, and twelve hundred dollars ($1,200.00) per year for teachers who have had four years of specific training, shall apply only to teachers in schools whose period of instruction is at least nine school months per year; and if the school year of any school whose teacher has had such specific training is less than nine months, the aforenamed minimum salaries shall be applied pro rata for the time the school is in session, and paid in twelve monthly installments.   The board of directors of any school district

may, at its option, pay in advance one and one-half (1½) months' salary, at the close of the school year, to enable the teacher to attend summer school."

Section 8452 provides, that if a five mill levy shall be insufficient to provide funds necessary to pay the minimum salary of $75.00 per month "to every public school teacher within that county, as aforesaid," then upon a proper certification of the facts to the state superintendent, and that official's investigation and ascertainment of the necessity, the deficiency shall be made up out of the public school income fund of the state.

The board of directors of district number nine, which is the only district of the first class in La Plata county, listed forty-three teachers and certified that forty-one of them came under the minimum salary provisions, and that the school would be in operation nine and one-half months. Under the county superintendent's duty to certify to the county commissioners, she made such certificate at the time required by law, but being doubtful of the rights claimed by number nine, she qualified her certificate "subject to the opinion of the state superintendent or a court decision." Having investigated the facts she learned that one of the teachers, included in the forty-one, was a teacher of art, another of music, another of mechanical drawing, another of domestic science, and that another taught but two hours and forty minutes per day. These facts she communicated to the state superintendent, and upon the ruling of the latter held that these were teachers of special subjects and part time teachers and should not have been certified; also that the maximum period for which district number nine could claim participation in the fund for minimum salaries was nine months. She thereupon advised district number nine of the ruling of the state superintendent, called for a new certificate in conformity therewith, and she and the county treasurer proceeded with the administration of the fund accordingly. Such administration, district number nine sought to have modified by this action to conform to its claims under its certificate.

The two questions (and in our opinion the only questions) requiring consideration here are: (1) Are said teachers of special subjects and part time teachers entitled to certification? (2) Was a school district, under the act of 1921, entitled to participation in the minimum salary fund on the basis of a school year exceeding nine months?

1. It is perfectly clear from an examination of this entire act that its chief purpose is to raise the educational standard in the weaker districts of the state and place the burden incident thereto upon the stronger districts and, in case of necessity, upon the state itself. The very heart of the act is said section 8451, and by its provisions the other sections must be interpreted. The requirement of said section 8446 for a certification of "the number of teachers employed, or to be employed," in said school district, relates only to those entitled to the minimum salary provided in section 8451. The language of section 8452 which provides that if the levy be insufficient to pay the salary of $75.00 per month "to every public school teacher within that county, as aforesaid," relates again to those entitled to minimum salaries as provided in the preceding section. Neither said section 8451, nor any other portion of the act, defines "part time teachers, and teachers of special subjects." Such a definition would be extremely difficult for the courts if we were without any guide, but that enigma is solved for us by a statute in existence at the time of the passage of the act of 1921, with knowledge whereof, and in the light of which it must be presumed the General Assembly acted. Section 8335, C. L. 1921 (L. 1917 p. 116, § 1), confers certain powers upon boards in districts of the first class, among which are: "They may provide instruction in and employ special teachers for such special subjects as music, drawing, manual training, household economics, including the care of children, vocational and industrial subjects, and subjects for the training of such special teachers."

Such subjects we must conclude the Legislature had in

mind and intended to exclude by the words, "teachers of special subjects" as used in said section 8451. Four of the teachers included in the certificate of district number nine clearly came within that designation and should have been omitted. That the teacher who taught two hours and forty minutes per day was "a part time teacher" requires no argument. As to each of these the ruling of the state superintendent and plaintiffs in error was correct.

2. At the time of the passage of the act of 1891, there was no statute in the state which fixed the length of a standard school year. The argument here made for a year of nine months is based upon the custom followed in a great majority of the school districts of the state, and a provision of the laws of 1923, which it is contended established a new maximum. We do not think the argument sound. The language last referred to is found in section 2, chap. 166, p. 566 L. 1923, and reads: "No greater amount shall be apportioned than is necessary to pay the above named salaries for a term of nine and one-half months."

This is an amendment of section 4 of the act of 1921 (section 8449, C. L. 1921), and indicates, if it indicates anything, a limitation upon a term which theretofore might have been for a longer period. That school years of more than nine months were contemplated is indicated by the provisions of section 8289, C. L. 1921, in force at the time of the passage of the act here in question, and by which a district was permitted to use its general school fund for certain purposes if any portion thereof remained "after the payment of all expenses necessary to the support of a public school for a period of ten months." Moreover, the act of 1921 required the school board to certify the length of the school year, without placing any limitation thereon, and further required the board to certify the amount of money necessary to pay the minimum salary "during the said portion of the year during which said schools are to be kept open," from all which it seems clear to us that no maximum was established until the passage

of the act of 1923. Hence the certificate of district number nine as to the length of its school year was correct and the ruling of the state superintendent of public instruction and the action of these plaintiffs in error thereunder, so far as it related to the length of the school year in district number nine, was erroneous.

The judgment of the district court is accordingly reversed and the cause remanded for further proceedings in harmony herewith.